OPINION
{¶ 1} Phillip Seabrook is appealing the judgment of the Champaign County Common Pleas Court, which classified him as a sexual predator and sentenced him to thirteen years of incarceration.
 {¶ 2} Seabrook was initially charged with two counts of gross sexual imposition on a person under the age of 13 years and three counts of rape of a person under the age of 13 years. These charges arose out of allegations by Seabrook's niece. Seabrook had moved in with his brother, who had two daughters and whose wife had recently passed away. Seabrook's niece eventually informed the authorities of Seabrook's improper behavior and the initial charges were filed. While these charges were pending, the police executed a search warrant on Seabrook's home and found child pornography on his computer. As a result of the search, Seabrook was additionally charged with six counts of pandering obscenity involving a minor, six counts of pandering sexually oriented matter involving a minor, and six counts of illegal use of a minor in nudity-oriented material or performance. On July 24, 2002, Seabrook entered an Alford guilty plea to two counts of gross sexual imposition, one count of rape, and three counts of illegal use of a minor in nudity-oriented material. The remainder of the charges against Seabrook and the force specification on the rape charge to which Seabrook pleaded were dismissed.
 {¶ 3} On October 9, 2002, the sentencing hearing on his sexual offender status was held. The trial court found that Seabrook was a sexual predator. In its journal entry, the court set forth the factors determining the finding of sexual predator status. Seabrook was sentenced to four years on the counts of gross sexual imposition, nine years for the count of rape, and eleven months for each of the three counts of illegal use of a minor in nudity-oriented material. Sentences for one of the counts of gross sexual imposition and the count of rape were to be served consecutively, with all of the remaining counts to be served concurrently. Thus, Seabrook was to serve a total of thirteen years.
 {¶ 4} Seabrook has filed this appeal from the trial court's decision designating him a sexual predator and sentencing him to thirteen years of incarceration.
 {¶ 5} Seabrook raises the following assignments of error:
 {¶ 6} "I. The court erred in determining that the defendant, Phillip Grady Seabrook is a sexual predator.
 {¶ 7} "II. The court erred in sentencing the defendant, Phillip Grady Seabrook to consecutive terms; by failing to support its findings with reasons as required by statute."
Appellant's first assignment of error:
 {¶ 8} Seabrook argues that there was not clear, convincing evidence to support his designation as a sexual predator. We disagree.
 {¶ 9} R.C 2950.09(B) provides:
 {¶ 10} "The judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 11} "(a) The offender's * * * age;
 {¶ 12} "(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 13} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
 {¶ 14} "(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
 {¶ 15} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 16} "(f) If the offender * * * previously has been convicted of or pleaded guilty to, * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 17} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 18} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 19} "(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
 {¶ 20} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 21} In determining Seabrook was a sexual predator, the trial court considered the factors listed in R.C. 2950.09 as well as the information presented in the case, specifically the Defendant's statement, the victim's statement, and the reports of the experts. Further, the trial court listed several factors that essentially applied the facts of the case to the statutory factors listed in R.C.2950.09(B)(3). The only relevant R.C. 2950.09(B)(3) factor that is not mentioned in the trial court's decision is R.C. 2950.09(B)(3)(f). However, the presentence investigation revealed that Seabrook previously completed a sentence for his prior crimes in an unsatisfactory manner. Thus, this factor would also support the trial court's classification of Seabrook as a sexual predator.
 {¶ 22} Seabrook's argument that his classification as a sexual predator was not supported by the evidence relies on the single argument that the State's expert's decision was flawed because she classified his offense as "extrafamilial" and thus more likely to reoffend. In contrast, Seabrook's expert classified his offense as "intrafamilial" and thus, less likely to reoffend. Seabrook lived in the same home as the victim and her father and sister. Seabrook asserted that the victim's father was not a good parent and was often unavailable to the victim. Seabrook often watched the children, supervised their homework, and prepared their meals. Seabrook's expert found that because he was an uncle and an in-home babysitter that his relationship was intrafamilial and thus he was less likely to reoffend. The State's expert testified that intrafamilial typically refers to the primary or custodial caregiver, not a live in babysitter. The State's expert opined that Seabrook would fall towards in the middle of the risk spectrum with not as low of a risk as a primary caregiver but not as high of a risk as a total stranger. The trial court extensively questioned the State's expert on this issue and considered the testimony of the experts.
 {¶ 23} Although Seabrook's familial relationship to the victim was a factor in the State's expert's opinion, it was only one of many factors. The State's expert also considered Seabrook's collection of child pornography that predominantly featured young males. Even though the expert stated that this was not a strong indicator, the fact that Seabrook was attracted to both sexes and had a history of acting out his interests tended to increase his risk. Further, Seabrook had a past criminal record that indicated he was likely to reoffend in a sexual crime. Additionally, the state's expert considered that he had a lack of marital stability and a history of substance abuse that indicated an increase in recidivism. Considering the State's expert's testimony, we cannot say that the decision was flawed because she did not classify Seabrook's sexual offense as "intrafamilial" and thus low risk. Reviewing all of the factors the State's expert considered in reaching her opinion, we do not find that her decision was flawed.
 {¶ 24} Having reviewed the evidence, we find that clear, convincing evidence existed to support the trial court's determination that Seabrook is a sexual predator. Seabrook's first assignment of error is without merit and overruled.
Appellant's second assignment of error:
 {¶ 25} Seabrook argues that the trial court erred by failing to give its reasons for its findings justifying the imposition of consecutive sentences. We agree.
 {¶ 26} We addressed the need of the trial court to state its reasons that support its findings justifying consecutive sentences inState v. Rothgeb, Champaign App. No. 02CA7, 2003-Ohio-465. In Rothgeb, we stated:
 {¶ 27} "The court is permitted by R.C. 2929.14(E)(4) to order consecutive sentences only after certain findings are made. By requiring the court to then state the reasons for those findings, R.C. 2929.19
(B)(2)(c) obliges the court to not only have reasons but also to state what those reasons are. Further, in stating its reasons the court must connect those reasons to the finding which the reason supports. The courtcannot merely pronounce causes that objectively may be its reasons. Thecourt must also identify which of those causes are the particular reasonsfor each of the statutory findings the court made." Id. ¶ 25 (emphasis in the original).
 {¶ 28} Further, we explained that the preferred method is for the trial court:
 {¶ 29} "to set out each finding that R.C. 2929.14(E)(4) requires the court to make, and in relation to each the particular reason or reasons for making the finding that R.C. 2929.19(B)(2)(c) contemplates. An unrelated `laundry list' of reasons that doesn't correspond to the statutory findings that court makes presents a difficult puzzle to solve, and requires an appellate court to try to surmise what the trial court's reasons were. Those reasons may have been ample, and on the record correct. The court must nevertheless identify as to each finding that its reason or reasons in fact were if the General Assembly's policy purposes that we discussed in [State v. Shepherd, Montgomery App. No. 19284, 2002-Ohio-6790] are to be met." Id. ¶ 27.
 {¶ 30} Moreover, the Ohio Supreme Court has recently stated that, "[p]ursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 31} At Seabrook's sentencing hearing, the trial court did not state its sentence determination for Seabrook or his findings or reasons justifying that determination. For this reason based on Comer, we must reverse the judgment of the trial court and remand the matter for re-sentencing. However, we additionally note that we must also reverse because what the court lists as its "consecutive reasons" for its sentence were in reality required statutory findings. The trial court does not explain its reasons for these findings as is required as we stated in Rothgeb. On remand, the trial court should state its findings and the particular reasons supporting each of those findings. Further, these findings and reasons must be read at a sentencing hearing. Seabrook's second assignment of error is sustained.
 {¶ 32} The judgment of the trial court is affirmed in part, reversed in part, and remanded for re-sentencing.
Fain, P.J. and Brogan, J., concur.